UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re: | ) BK No.: 11-05135 |
| | ) |
| PABLITO & REBECCA LAGUMBAY | ) Chapter: 13 |
| | ) |
| | ) Honorable Jack B. Schmetterer |
| | ) |
| Debtor(s) | ) |
| | ) Adv. No.: 11-01025 |
| PABLITO & REBECCA LAGUMBAY | ) |
| | ) |
| Plaintiff(s) | ) |
| | ) |
| BANK OF AMERICA | ) |
| | ) |
| Defendant(s) | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Findings of fact are based on the filed Findings of Fact Complaint

A.  The Parties

1. The Plaintiffs are Pablito and Rebecca Lagumbay ("Debtors" or "Plaintiffs").
2. The Defendant is Bank of America ("Defendant").

B.  Factual Background

1. On February 10, 2011, Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code.
2. Plaintiffs own the real estate commonly known as 4602 South Albany Avenue, Chicago, IL 60632 (the "Property").
3. The Defendant, Bank of America, holds a first mortgage lien on the Property, with a secured claim of approximately $149,400.94 (the "First Mortgage").
4. The Defendant holds a second mortgage lien on the Property of approximately $32,000.00 (the "Second Mortgage").
5. The fair market value of the Property is approximately $137,500.00.
6. On or about May 5, 2011, Plaintiff issued a summons and complaint to strip off a secondary lien on the Property.
7. On or about May 5, 2011, a copy of the summons and complaint were served in accordance with Fed. R. Bankr. P § 7004 via Certified Mail, to an officer of the Defendant at 100 North Tyron Street, Charlotte, NC 28255.
8. The summons indicated that a motion or answer was required within 30 days of issuance. To date, no responsive pleading has been filed.
9. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.
10. No evidence has been presented to challenge the fair market value of $137,500.00

Rev: 20110318_apo

11. The First Mortgage in he amount of approximately $149,400.94 exhausts the value and equity in the Property.

12. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and § 1334(b).
2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).
3. Venue is proper pursuant to 28 U.S.C. § 1409
4. This action was initiated under 11 U.S.C. § 506(a) and Fed. R. Bankr P. § 3012.
5. The Plaintiffs scheduled the First Mortgage secured claim in the amount of $149,400.94 and the Second Mortgage secured claim in the amount of $32,000.00.
6. The value of Plaintiffs' residence is $137,500.00.
7. There is no value or equity to support the Second Mortgage of Bank of America. The second mortgage lien of Bank of America is not a claim secured at all by a security interest in Plaintiffs' residence, as the term is used in § 1322 (b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under Fed. R. Bankr. P. § 3012 and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the plan by the Plaintiffs/Debtors, and entry of the discharge. Nobelman v. Am. Sav. Bank, 508 U.S. 324 (1993), In re Meyer, 2009 B 20268, Docket Entry 69 (Bankr. N.D. Ill., January 29, 2010).

Enter:

Honorable Jack B. Schmetterer
United States Bankruptcy Judge

Dated: JUN 23 2011

**Prepared by:**

Debra Vorhies Levine
DVL LAW OFFICES, LLC
53 W. Jackson Blvd., Suite 1001
Chicago, IL 60604
(312) 259-5970
#6239484

Rev: 20110318_apo